## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Eido Hussam Al−Nahhas

                        Plaintiff,

v.                                                    Case No.: 1:22−cv−00750
                                                                 Honorable John J. Tharp Jr.

Rosebud Lending LZO, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 12, 2023:

      MINUTE entry before the Honorable Gabriel A. Fuentes: Motion hearing held on motions to stay by defendant Rosebud (doc. #[56]) and by defendants 777 Partners and Tactical Marketing (doc. #[64]), as well as on plaintiff's motion to enforce and for sanctions (doc. #[59]). As to both stay motions, the motions are denied for the reasons stated on the record. All three defendants had more than a year to assert their motions to compel arbitration and did not do so; although the defendants were represented by other counsel now blamed for not raising that issue earlier, these parties did not respond to discovery requests served in October 2022 and did not respond to inquiries from plaintiff's counsel about when the responses and objections would be served. Then, under representation of current counsel, defendants decided to seek to compel arbitration and filed their motions to stay, notwithstanding having agreed to respond to discovery (this applies to defendants 777 Partners and Tactical Marketing) on 3/27/23, after plaintiff was put to the time and expense of a motion to compel (doc. #[47]), which the Court then denied as moot upon the applicable defendants' agreement to respond on 3/27/23 (doc. #[50]), and then plaintiff has filed the instant motion to enforce (doc. #[59]) when plaintiff received no responses on that day but instead was served with a copy of the motions to stay on 4/7/23 (from Rosebud) and 4/11/23 (from 777 Partners and Tactical). Under all the circumstances, and in the Court's discretion per Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013), and Fed. R. Civ. P. 1, this was a close call, but the Court is denying the stay motions because the time to slow or stop discovery pending a motion to compel arbitration was long ago in this case filed in February 2022. This ruling is despite the Court's view that the motions to compel arbitration (by Rosebud and also by 777 Partners and Tactical Marketing) raise issues that sound in the nature of "threshold" questions that in other circumstances would present a compelling argument for a stay. See New England Carpenters Health & Welfare Fund v. Abbott Labs., No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013). In addition, the magistrate judge considers the circumstances weighing against a stay to be matters that do not constitute waiver of any issue relevant to the motions to compel arbitration. On plaintiff's motion to enforce (doc. #[59]), which is directed only at 777 Partners and Tactical Marketing, the motion is granted in part and denied in part for the reasons stated on the record, with discovery responses due from the defendants for service by 5 p.m. on 4/27/23, with the request for a finding of waiver of objections denied, and with the sanctions request denied without

prejudice. Further, Rosebud is ordered to supply its outstanding written discovery requests no later than 5 p.m. on 4/27/23 by agreement as stated in open court. A joint status report on discovery progress and compliance with this order is due at 5 p.m. on 5/4/23. The 6/29/23 status report date is stricken and reset to noon on 7/6/23. Fact discovery remains set to close on 8/31/23. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.