1     IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF ILLINOIS
2               EASTERN DIVISION

3  EIDO HUSSAM AL-HAHHAS, also known   )  No. 22 C 750
   as Mohammad Al-Nahhas, on behalf    )
4  of Plaintiff and the class members  )
   described below,                    )
5                                      )
                    Plaintiff,         )
6                                      )
            vs.                        )  Chicago, Illinois
7                                      )
   ROSEBUD LENDING, LZO d/b/a          )
8  ZocaLoans, 777 PARTNERS LLC,        )
   TACTICAL MARKETING PARTNERS, LLC,   )
9  and JOHN DOES 1-20,                 )
                                       )  July 7, 2023
10                  Defendants.        )  10:39 a.m.

11              TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HON. GABRIEL A. FUENTES, MAGISTRATE JUDGE
12
   APPEARANCES:
13
   For the Plaintiff:    MR. MATTHEW J. GOLDSTEIN
14                        MR. DANIEL A. EDELMAN
                          Edelman, Combs, Latturner & Goodwin, LLC,
15                        20 South Clark Street, Suite 1500,
                          Chicago, Illinois  60603
16
   For the Defendants
17 777 Partners and
   Tactical Marketing:   MR. PATRICK O. DAUGHERTY
18                        MS. NAKIA ARRINGTON
                          Van Ness Feldman LLP,
19                        1050 Thomas Jefferson Street, NW,
                          Washington, DC 20007
20
   For Defendant
21 Rosebud Lending:      MS. AMY STARINIERI GILBERT
                          McGuire Woods LLP,
22                        77 West Wacker Drive, Suite 4100,
                          Chicago, Illinois  60602
23

24          Patrick J. Mullen, Official Court Reporter
                 United States District Court
25          219 South Dearborn Street, Room 1412,
                  Chicago, Illinois  60604

1          (Proceedings in open court. )

2          THE CLERK:  22 CV 750, Al-Nahhas versus Rosebud

3     Lending LZO, et al., for a motion hearing.

4          THE COURT:  Great.  Thank you.  If counsel is

5     comfortable staying at counsel table and talking into the

6     microphones, it's fine with the Court.  So on this matter let's

7     have counsel make their appearances for our record as we get

8     started.

9          MR. GOLDSTEIN:  Good morning, Your Honor.  Matt

10    Goldstein for plaintiff.

11         MR. EDELMAN:  And Daniel Edelman for plaintiff.

12         MS. ARRINGTON:  Good morning, Your Honor.  May it

13    please the Court, this is Nakia Arrington with Van Ness Feldman

14    appearing on behalf of the 777 Partners, Tactical Marketing,

15    collectively the 777 defendants.

16         MR. DAUGHERTY:  Good morning, Your Honor.  Patrick

17    Daugherty of Van Ness Feldman appearing on behalf of 777 and

18    Tactical.

19         MS. GILBERT:  Good morning, Judge.  Amy Gilbert on

20    behalf of Rosebud Lending.

21         THE COURT:  Okay.  Welcome, all.  I'll repeat what

22    I've said to folks who appear for our motion calls.  We've

23    recently reinstituted that practice.  If for any reason you're

24    not comfortable with appearing in person at the courthouse for

25    one of these and you get an order, just communicate to my

1    courtroom deputy telephonically that you have an issue with

2    that, and we'll find a way to accommodate you.  But I

3    appreciate you being here, and so far universally the feedback

4    has been good on these motion calls.  It's been positive, so

5    that's why we've continued to do them.

6         So, Mr. Goldstein, your motion -- well, hold on a

7    second.  It's the defense motion that's directed at a subpoena

8    upon First Republic Bank.  It's motion number 106, but a status

9    report was filed yesterday concerning a matter that I urge you

10   to exercise discretion about what you reveal publicly because

11   it relates to settlement.

12        It suggested to me that if settlement has been

13   achieved or is close, then why are we going ahead and

14   litigating this motion and having a court enter an order on it.

15   Wouldn't it be better to give you at least another week or two,

16   if we need that time, to see if the case goes away?

17        But why don't you tell me, defense, movants, what you

18   want to do in that respect.

19        MR. DAUGHERTY:  Thank you, Your Honor.  On -- I will

20   try to keep this very high level.  On June 23rd, the 777

21   defendants made a written offer to the plaintiff.  We had a

22   chance to speak with Mr. Goldstein about that offer on two

23   occasions since, on June 30th and again yesterday.  Yesterday

24   the plaintiff informed us that they were rejecting our offer,

25   but we have not yet received a counteroffer.  The 777

1    defendants suggested a settlement conference might be helpful

2    in moving talks along, and plaintiff's counsel agreed to

3    consider that request and discuss it with their client.

4              I will let Ms. Gilbert speak for her client, but I

5    understand they may be in a somewhat different position than

6    the 777 defendants.

7              THE COURT:  Ms. Gilbert, addressing what you feel

8    comfortable addressing publicly, do you have anything to add to

9    that?

10             MS. GILBERT:  Sure, Your Honor.  I will note that we

11   have no position on the subject of the hearing today, which is

12   the motion to quash.  I just thought it prudent to attend a

13   hearing where all parties were present.  As for settlement, as

14   indicated in the joint status report, we've had multiple

15   substantive conversations with plaintiff's counsel, and I

16   believe we're -- both parties are optimistic that we're nearing

17   a resolution.

18             THE COURT:  Okay.  Mr. Goldstein, maybe just start

19   with a yes or no.  What has been represented so far, is it

20   accurate?

21             MR. GOLDSTEIN:  Yes, yes, Your Honor.

22             THE COURT:  Okay.  The reason why I'm having that be

23   succinct is we do have a lot of folks here and I'd like to move

24   things along, because hearing what I've heard tells me I think

25   what I'd like to do.  I'd rather not go ahead and litigate this

1    motion today.  I'd rather give you, let's say -- well, we have

2    a trial next week, so we'll go into the week of the 17th.

3              What's the Thursday date for that week?

4              THE CLERK:  That would be the 20th.

5              THE COURT:  The 20th.  So I'll have you file a

6    settlement status report.  It will be an email, and it will be

7    a joint email, not filed on the docket.  You can file it -- or

8    you can submit it to the settlement correspondence email box

9    because it's going to contain presumably confidential

10   settlement detail.  I'll make public whatever I need to as to

11   the next step, but either you've settled or maybe you want to

12   request the magistrate judge's aid with respect to a settlement

13   conference.

14             Sometimes, you know, we can go back and forth and make

15   a lot of negotiation moves over the course of an afternoon or a

16   day that might take you all much longer to do if you're

17   responding to each other's moves.  So I'm glad to try to help

18   you if you think -- it has to be mutual.  Everybody has to want

19   to do it.  You can look at my standing order for settlement

20   conferences if you want to know more about how I do those, you

21   know, but I'm glad to do that.

22             Is this referral for settlement as well as discovery,

23   Ms. Knight, do you know?  I think it is.  Usually they are.

24             THE CLERK:  Correct, yes.

25             THE COURT:  Yes, so we don't need to do anything to

1    broaden the referral.  So the order, today's order is the

2    motion is entered and continued.  A confidential settlement

3    status report is due to the settlement box, and let's make it

4    by noon on July 20.  Okay?  Then you're going to let us know

5    what's going on with not the motion, because that's a public

6    matter, but with settlement.  Okay?

7            If you want a settlement conference with me, go ahead

8    and ask, and then I'll tell you.  If you do, the next thing

9    that will happen is we'll whistle you in on a phone call, just

10   counsel.  I tell you how I do these things.  We try to schedule

11   it right away as soon as we reasonably can, and we give you, as

12   the mediator, enough information for you to prepare your

13   clients and have them -- tell them what to expect.

14           So that's my plan.  Any objection to that, movant?

15           MR. DAUGHERTY:  No, Your Honor.

16           THE COURT:  Plaintiff?

17           MR. GOLDSTEIN:  I mean, no, Your Honor, but I would

18   just say that plaintiff filed a motion to enforce First

19   Republic Bank's compliance with this subpoena in the District

20   of Oregon, so that is -- and we believe that's what catalyzed

21   the motion before this Court.

22           THE COURT:  Well, all right.

23           MR. GOLDSTEIN:  So I won't take any action with

24   respect to that.  I'm just letting Your Honor know.

25           THE COURT:  Let me give you something high level with

1    that.  So, you know, I don't know what that court is going to

2    require you to do.  I guess you'd have the ability to jointly

3    ask that court put the brakes on it, if that's what you want to

4    do.

5            I'll just suggest to you going forward, if we have to

6    litigate all this, I'm not crazy about that rule, that part of

7    Rule 45.  In an era of telephonic and video hearings,

8    particularly where sometimes the same parties are involved

9    represented by the same counsel, I have in the past

10    suggested -- I don't think I have the power to order it, but

11    I've suggested, suggested that the parties reach agreement in

12    those other districts to a Rule 45 transfer of those actions

13    here.  Then one judge does it, and it's the judge who has the

14    matter.  Think about it.  But maybe we won't get that far.

15            Anything else, Mr. Goldstein?

16            MR. GOLDSTEIN:  No.  Thank you, Judge.

17            THE COURT:  All right.  Adjourned.  Thank you,

18    everybody.

19            MR. EDELMAN:  Thank you.

20            MR. DAUGHERTY:  Thank you, Your Honor.

21            MR. GOLDSTEIN:  Thank you, Your Honor.

22            MS. GILBERT:  Thank you, Judge.

23      (Proceedings concluded.)

24

25

1          C E R T I F I C A T E

2               I, Patrick J. Mullen, do hereby certify the foregoing

3     is an complete accurate transcript produced from an audio

4     recording of the proceedings had in the above-entitled case

5     before the Honorable GABRIEL A. FUENTES, one of the magistrate

6     judges of said court, at Chicago, Illinois, on July 7, 2023.

7

8                              */s/ Patrick J. Mullen*
                              Official Court Reporter
9                              United States District Court
                              Northern District of Illinois
10                             Eastern Division

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25