IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EIDO HUSSAM AL-NAHHAS, ) <br> on behalf of Plaintiff and the class members ) <br> described below, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROSEBUD LENDING LZO d/b/a ZocaLoans; ) <br> 777 PARTNERS LLC; ) <br> TACTICAL MARKETING PARTNERS, LLC; ) <br> and JOHN DOES 1-20, ) <br> ) <br> Defendants. ) | Case No.: 1:22-cv-00750 <br><br> Judge John J. Tharp, Jr. |

**PLAINTIFF'S MOTION TO DISMISS
DEFENDANT ROSEBUD LENDING LZO**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Eido Hussam Al-Nahhas ("Plaintiff") moves that the Court enter an order dismissing Defendant Rosebud Lending LZO d/b/a ZocaLoans ("Rosebud Lending") from this action. Rosebud Lending consents to the filing of this motion, and its dismissal.

In support thereof, Plaintiff states as follows:

1. Federal Rule of Civil Procedure 41(a)(2) provides:

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule [dealing with stipulations to dismiss and plaintiff's motions filed prior to the service of an answer or a motion for summary judgment], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

2. As Rosebud Lending and Defendants 777 Partners, LLC and Tactical Marketing Partners, LLC (the "777 Defendants") answered Plaintiff's complaint (ECF 16), and the 777 Defendants do not consent to the filing of a stipulation of dismissal as to Rosebud Lending, Plaintiff requests that the Court enter an order dismissing Rosebud Lending pursuant to Fed. R. Civ. P. 41(a)(2).

3. Dismissal "under Rule 41(a)(2) is within the sound discretion of the district court." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988); *Tyco Laboratories, Inc. v. Koppers Co. Inc.*, 627 F.2d 54 (7th Cir. 1980); *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). "The district court abuses its discretion only when it can be established [that] the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir.), *cert. denied*, 479 U.S. 961, 107 S. Ct. 457, 93 L. Ed. 2d 403 (1986).

4. Courts are to consider the following factors in determining whether a defendant has suffered "plain legal prejudice": "[1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] the fact that a motion for summary judgment has been filed by the defendant." *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). These factors are a guide for the court in exercising its discretion. *Kovalic*, 855 F.2d at 474. "The enumeration of factors to be considered in Pace is not the equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Laboratories, Inc.*, 627 F.2d at 56.

5.      Here, Plaintiff has reached a confidential settlement with Rosebud Lending that resolves his claims against it on an individual basis. Accordingly, and pursuant to the agreement between Plaintiff and Rosebud Lending, Plaintiff moves that the Court enter an order dismissing Rosebud Lending from this case with prejudice as to Plaintiff's individual claims, and without prejudice with respect to the claims of the putative classes.[1] Rosebud Lending will not suffer prejudice as evidenced by its consent to this motion.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order dismissing Rosebud Lending from this case. A proposed order is attached hereto as Attachment I.

    */s/ Matthew J. Goldstein*
    Matthew J. Goldstein

Daniel A. Edelman
Tara L. Goodwin
Dulijaza (Julie) Clark
Matthew J. Goldstein
**EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
dedelman@edcombs.com
tgoodwin@edcombs.com
jclark@edcombs.com
mgoldstein@edcombs.com
Email address for service: courtecl@edcombs.com

---

[1] Dismissal of "an action" under Fed. R. Civ P. 41(a)(2) includes instances where all claims against a certain defendant are dismissed, even where claims against other defendant remain. *Dr. Robert L. Meinders, D.C., Ltd.*, 7 F.4th 555, 559 n.4 (7th Cir. 2021) ("[W]e do not believe that *Taylor* poses a problem here. The parties' stipulation dismissed the 'entire action' as it related to the United entities - accordingly, both the entities and all Meinders's claims against them dropped out of the lawsuit when the stipulation was filed."). *See also Interfocus Inc. v. Hibobi Tech. LTD*, No. 22-cv-2259, 2023 U.S. Dist. LEXIS 99072 (N.D. Ill. June 7, 2023); *Hasenberg v. Air & Liquid Sys. Corp.*, No. 13-cv-1325-MJR-SCW, 2014 U.S. Dist. LEXIS 87070, at *6 (S.D. Ill. June 26, 2014). This principle was accepted decades ago by the Seventh Circuit: "In the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case." *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983).

## **CERTIFICATE OF SERVICE**

I, Matthew J. Goldstein, hereby certify that on Wednesday, January 17, 2024, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF online system, which sent notice via email to counsel of record.

                                        */s/ Matthew J. Goldstein*
                                        Matthew J. Goldstein

Daniel A. Edelman
Tara L. Goodwin
Dulijaza (Julie) Clark
Matthew J. Goldstein
**EDELMAN, COMBS, LATTURNER**
      **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
dedelman@edcombs.com
tgoodwin@edcombs.com
jclark@edcombs.com
mgoldstein@edcombs.com
Email address for service: courtecl@edcombs.com